# UNITED STATES DISTRICT COURT

**FOR THE EASTERN DISTRICT OF PENNSYLVANIA — DESIGNATION FORM to be used by counsel to indicate the category of the case for the purpose of assignment to appropriate calendar.**

Address of Plaintiff: 2900 East Allegheny Avenue, Philadelphia, Pennsylvania, 19134

Address of Defendant: Kokstad, Norway

Place of Accident, Incident or Transaction: Westway Terminal Company, 2900 East Allegheny Avenue, Philadelphia, Pennsylvania, 19134
*(Use Reverse Side For Additional Space)*

Does this civil action involve a nongovernmental corporate party with any parent corporation and any publicly held corporation owning 10% or more of its stock?
(Attach two copies of the Disclosure Statement Form in accordance with Fed.R.Civ.P. 7.1(a)) Yes☐ No■

Does this case involve multidistrict litigation possibilities? Yes☐ No■

*RELATED CASE, IF ANY:*
Case Number: N/A Judge ______ Date Terminated: ______

Civil cases are deemed related when yes is answered to any of the following questions:

1. Is this case related to property included in an earlier numbered suit pending or within one year previously terminated action in this court? Yes☐ No■
2. Does this case involve the same issue of fact or grow out of the same transaction as a prior suit pending or within one year previously terminated action in this court? Yes☐ No■
3. Does this case involve the validity or infringement of a patent already in suit or any earlier numbered case pending or within one year previously terminated action in this court? Yes☐ No■
4. Is this case a second or successive habeas corpus, social security appeal, or pro se civil rights case filed by the same individual? Yes☐ No■

CIVIL: (Place _ in ONE CATEGORY ONLY)

A. *Federal Question Cases*:
1. ☐ Indemnity Contract, Marine Contract, and All Other Contracts
2. ☐ FELA
3. ☐ Jones Act-Personal Injury
4. ☐ Antitrust
5. ☐ Patent
6. ☐ Labor-Management Relations
7. ☐ Civil Rights
8. ☐ Habeas Corpus
9. ☐ Securities Act(s) Cases
10. ☐ Social Security Review Cases
11. ■ All other Federal Question Cases
    (Please specify) Admiralty, pier damage

B. *Diversity Jurisdiction Cases*:
1. ☐ Insurance Contract and Other Contracts
2. ☐ Airplane Personal Injury
3. ☐ Assault, Defamation
4. ☐ Marine Personal Injury
5. ☐ Motor Vehicle Personal Injury
6. ☐ Other Personal Injury (Please specify)
7. ☐ Products Liability
8. ☐ Products Liability — Asbestos
9. ☐ All other Diversity Cases
    (Please specify)

## ARBITRATION CERTIFICATION

*(Check Appropriate Category)*

I, R. Monica Hennessy, counsel of record do hereby certify:

■ Pursuant to Local Civil Rule 53.2, Section 3(c)(2), that to the best of my knowledge and belief, the damages recoverable in this civil action case exceed the sum of $150,000.00 exclusive of interest and costs;

☐ Relief other than monetary damages is sought.

**DATE:** 10/20/2011 R. Monica Hennessy [signature] 77928
Attorney-at-Law Attorney I.D.#

**NOTE:** A trial de novo will be a trial by jury only if there has been compliance with F.R.C.P. 38.

**I certify that, to my knowledge, the within case is not related to any case now pending or within one year previously terminated action in this court except as noted above.**

**DATE:** 10/20/2011 R. Monica Hennessy [signature] 77928
Attorney-at-Law Attorney I.D.#

CIV. 609 (6/08)

# UNITED STATES DISTRICT COURT

**FOR THE EASTERN DISTRICT OF PENNSYLVANIA — DESIGNATION FORM to be used by counsel to indicate the category of the case for the purpose of assignment to appropriate calendar.**

Address of Plaintiff: 2900 East Allegheny Avenue, Philadelphia, Pennsylvania, 19134

Address of Defendant: Kokstad, Norway

Place of Accident, Incident or Transaction: Westway Terminal Company, 2900 East Allegheny Avenue, Philadelphia, Pennsylvania, 19134

*(Use Reverse Side For Additional Space)*

Does this civil action involve a nongovernmental corporate party with any parent corporation and any publicly held corporation owning 10% or more of its stock?
(Attach two copies of the Disclosure Statement Form in accordance with Fed.R.Civ.P. 7.1(a)) Yes☐ No■

Does this case involve multidistrict litigation possibilities? Yes☐ No■

*RELATED CASE, IF ANY:*
Case Number: N/A Judge ______ Date Terminated: ______

Civil cases are deemed related when yes is answered to any of the following questions:

1. Is this case related to property included in an earlier numbered suit pending or within one year previously terminated action in this court?
Yes☐ No■
2. Does this case involve the same issue of fact or grow out of the same transaction as a prior suit pending or within one year previously terminated action in this court?
Yes☐ No■
3. Does this case involve the validity or infringement of a patent already in suit or any earlier numbered case pending or within one year previously terminated action in this court? Yes☐ No■
4. Is this case a second or successive habeas corpus, social security appeal, or pro se civil rights case filed by the same individual?
Yes☐ No■

CIVIL: (Place _ in ONE CATEGORY ONLY)

A. *Federal Question Cases:*
1. ☐ Indemnity Contract, Marine Contract, and All Other Contracts
2. ☐ FELA
3. ☐ Jones Act-Personal Injury
4. ☐ Antitrust
5. ☐ Patent
6. ☐ Labor-Management Relations
7. ☐ Civil Rights
8. ☐ Habeas Corpus
9. ☐ Securities Act(s) Cases
10. ☐ Social Security Review Cases
11. ■ All other Federal Question Cases
(Please specify) Admiralty, pier damage

B. *Diversity Jurisdiction Cases:*
1. ☐ Insurance Contract and Other Contracts
2. ☐ Airplane Personal Injury
3. ☐ Assault, Defamation
4. ☐ Marine Personal Injury
5. ☐ Motor Vehicle Personal Injury
6. ☐ Other Personal Injury (Please specify)
7. ☐ Products Liability
8. ☐ Products Liability — Asbestos
9. ☐ All other Diversity Cases
(Please specify)

## ARBITRATION CERTIFICATION

*(Check Appropriate Category)*

I, R. Monica Hennessy, counsel of record do hereby certify:

■ Pursuant to Local Civil Rule 53.2, Section 3(c)(2), that to the best of my knowledge and belief, the damages recoverable in this civil action case exceed the sum of $150,000.00 exclusive of interest and costs;

☐ Relief other than monetary damages is sought.

**DATE:** 10/20/2011 R. Monica Hennessy (Attorney-at-Law) 77928 (Attorney I.D.#)

**NOTE:** A trial de novo will be a trial by jury only if there has been compliance with F.R.C.P. 38.

**I certify that, to my knowledge, the within case is not related to any case now pending or within one year previously terminated action in this court except as noted above.**

**DATE:** 10/20/2011 R. Monica Hennessy (Attorney-at-Law) 77928 (Attorney I.D.#)

CIV. 609 (6/08)

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

**CASE MANAGEMENT TRACK DESIGNATION FORM**

| | | |
|---|---|---|
| WESTWAY TERMINAL COMPANY, INC.<br>2900 East Allegheny Avenue<br>Philadelphia, Pennsylvania 19134 | : | Civil Action |
| Plaintiff, | : | No: ________ |
| v. | : | |
| M/T JO KASHI, *in Rem* | : | |
| and | : | |
| JO TANKERS, AS<br>Kokstadflaten 5<br>5257 Kokstad Norway | : | |
| and | | |
| ZIPPORA PTE. LTD.<br>c/o JO TANKERS AS, *in Personam,* | | |
| Defendants. | | |

In accordance with the Civil Justice Expense and Delay Reduction Plan of this court, counsel for plaintiff shall complete a Case Management Track Designation Form in all civil cases at the time of filing the complaint and serve a copy on all defendants. (See § 1:03 of the plan set forth on the reverse side of this form.) In the event that a defendant does not agree with the plaintiff regarding said designation, that defendant shall, with its first appearance, submit to the clerk of court and serve on the plaintiff and all other parties, a Case Management Track Designation Form specifying the track to which that defendant believes the case should be assigned.

**SELECT ONE OF THE FOLLOWING CASE MANAGEMENT TRACKS:**

(a) Habeas Corpus – Cases brought under 28 U.S.C. § 2241 through § 2255. ( )

(b) Social Security – Cases requesting review of a decision of the Secretary of Health and Human Services denying plaintiff Social Security Benefits. ( )

(c) Arbitration – Cases required to be designated for arbitration under Local Civil Rule 53.2.( )

(d) Asbestos – Cases involving claims for personal injury or property damage from exposure to asbestos. ( )

(e) Special Management – Cases that do not fall into tracks (a) through (d) that are commonly referred to as complex and that need special or intense management by the court. (See reverse side of this form for a detailed explanation of special management cases.) ( )

(f) Standard Management – Cases that do not fall into any one of the other tracks. ( x )

| **10/20/2011** | **R. Monica Hennessy** | **Westway Terminal Company, Inc.** |
|---|---|---|
| **Date** | **Attorney-at-law** | **Attorney for** |

| (856) 488-7769 | (856) 488-7720 | mhennessy@mmwr.com |
|---|---|---|
| **Telephone** | **FAX Number** | **E-Mail Address** |

**(Civ. 660) 10/02**

**Civil Justice Expense and Delay Reduction Plan**
**Section 1:03 - Assignment to a Management Track**

(a)     The clerk of court will assign cases to tracks (a) through (d) based on the initial pleading.

(b)     In all cases not appropriate for assignment by the clerk of court to tracks (a) through (d), the plaintiff shall submit to the clerk of court and serve with the complaint on all defendants a case management track designation form specifying that the plaintiff believes the case requires Standard Management or Special Management. In the event that a defendant does not agree with the plaintiff regarding said designation, that defendant shall, with its first appearance, submit to the clerk of court and serve on the plaintiff and all other parties, a case management track designation form specifying the track to which that defendant believes the case should be assigned.

(c)     The court may, on its own initiative or upon the request of any party, change the track assignment of any case at any time.

(d)     Nothing in this Plan is intended to abrogate or limit a judicial officer's authority in any case pending before that judicial officer, to direct pretrial and trial proceedings that are more stringent than those of the Plan and that are designed to accomplish cost and delay reduction.

(e)     Nothing in this Plan is intended to supersede Local Civil Rules 40.1 and 72.1, or the procedure for random assignment of Habeas Corpus and Social Security cases referred to magistrate judges of the court.

**SPECIAL MANAGEMENT CASE ASSIGNMENTS**
**(See §1.02 (e) Management Track Definitions of the**
**Civil Justice Expense and Delay Reduction Plan)**

Special Management cases will usually include that class of cases commonly referred to as "complex litigation" as that term has been used in the Manuals for Complex Litigation. The first manual was prepared in 1969 and the Manual for Complex Litigation Second, MCL 2d was prepared in 1985. This term is intended to include cases that present unusual problems and require extraordinary treatment. See §0.1 of the first manual. Cases may require special or intense management by the court due to one or more of the following factors: (1) large number of parties; (2) large number of claims or defenses; (3) complex factual issues; (4) large volume of evidence; (5) problems locating or preserving evidence; (6) extensive discovery; (7) exceptionally long time needed to prepare for disposition; (8) decision needed within an exceptionally short time; and (9) need to decide preliminary issues before final disposition. It may include two or more related cases. Complex litigation typically includes such cases as antitrust cases; cases involving a large number of parties or an unincorporated association of large membership; cases involving requests for injunctive relief affecting the operation of large business entities; patent cases; copyright and trademark cases; common disaster cases such as those arising from aircraft crashes or marine disasters; actions brought by individual stockholders; stockholder's derivative and stockholder's representative actions; class actions or potential class actions; and other civil (and criminal) cases involving unusual multiplicity or complexity of factual issues. See §0.22 of the first Manual for Complex Litigation and Manual for Complex Litigation Second, Chapter 33.

JS 44 (Rev. 12/07)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

## I. (a) PLAINTIFFS

WESTWAY TERMINAL COMPANY, INC.

(b) County of Residence of First Listed Plaintiff Philadelphia, PA
(EXCEPT IN U.S. PLAINTIFF CASES)

(c) Attorney's (Firm Name, Address, and Telephone Number)
Montgomery, McCracken, Walker & Rhoads, LLP, 123 South Broad Street, Philadelphia, PA 19109

## DEFENDANTS

M/T JO KASHI, in Rem and JO TANKERS, AS and ZIPPORA PTE. LTD., c/o JO TANKERS AS, in Personam

County of Residence of First Listed Defendant
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

Attorneys (If Known)

## II. BASIS OF JURISDICTION (Place an "X" in One Box Only)

- ☐ 1 U.S. Government Plaintiff
- ☒ 3 Federal Question (U.S. Government Not a Party)
- ☐ 2 U.S. Government Defendant
- ☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff and One Box for Defendant) (For Diversity Cases Only)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☒ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT (Place an "X" in One Box Only)

**CONTRACT**
☐ 110 Insurance; ☐ 120 Marine; ☐ 130 Miller Act; ☐ 140 Negotiable Instrument; ☐ 150 Recovery of Overpayment & Enforcement of Judgment; ☐ 151 Medicare Act; ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans); ☐ 153 Recovery of Overpayment of Veteran's Benefits; ☐ 160 Stockholders' Suits; ☐ 190 Other Contract; ☐ 195 Contract Product Liability; ☐ 196 Franchise

**REAL PROPERTY**
☐ 210 Land Condemnation; ☐ 220 Foreclosure; ☐ 230 Rent Lease & Ejectment; ☐ 240 Torts to Land; ☐ 245 Tort Product Liability; ☐ 290 All Other Real Property

**TORTS**
PERSONAL INJURY: ☐ 310 Airplane; ☐ 315 Airplane Product Liability; ☐ 320 Assault, Libel & Slander; ☐ 330 Federal Employers' Liability; ☐ 340 Marine; ☐ 345 Marine Product Liability; ☐ 350 Motor Vehicle; ☐ 355 Motor Vehicle Product Liability; ☐ 360 Other Personal Injury
PERSONAL INJURY: ☐ 362 Personal Injury - Med. Malpractice; ☐ 365 Personal Injury - Product Liability; ☐ 368 Asbestos Personal Injury Product Liability
PERSONAL PROPERTY: ☐ 370 Other Fraud; ☐ 371 Truth in Lending; ☐ 380 Other Personal Property Damage; ☐ 385 Property Damage Product Liability

**CIVIL RIGHTS**
☐ 441 Voting; ☐ 442 Employment; ☐ 443 Housing/ Accommodations; ☐ 444 Welfare; ☐ 445 Amer. w/Disabilities - Employment; ☐ 446 Amer. w/Disabilities - Other; ☐ 440 Other Civil Rights

**PRISONER PETITIONS**
☐ 510 Motions to Vacate Sentence; Habeas Corpus: ☐ 530 General; ☐ 535 Death Penalty; ☐ 540 Mandamus & Other; ☐ 550 Civil Rights; ☐ 555 Prison Condition

**FORFEITURE/PENALTY**
☐ 610 Agriculture; ☐ 620 Other Food & Drug; ☐ 625 Drug Related Seizure of Property 21 USC 881; ☐ 630 Liquor Laws; ☐ 640 R.R. & Truck; ☐ 650 Airline Regs.; ☐ 660 Occupational Safety/Health; ☐ 690 Other

**LABOR**
☐ 710 Fair Labor Standards Act; ☐ 720 Labor/Mgmt. Relations; ☐ 730 Labor/Mgmt.Reporting & Disclosure Act; ☐ 740 Railway Labor Act; ☐ 790 Other Labor Litigation; ☐ 791 Empl. Ret. Inc. Security Act

**IMMIGRATION**
☐ 462 Naturalization Application; ☐ 463 Habeas Corpus - Alien Detainee; ☐ 465 Other Immigration Actions

**BANKRUPTCY**
☐ 422 Appeal 28 USC 158; ☐ 423 Withdrawal 28 USC 157

**PROPERTY RIGHTS**
☐ 820 Copyrights; ☐ 830 Patent; ☐ 840 Trademark

**SOCIAL SECURITY**
☐ 861 HIA (1395ff); ☐ 862 Black Lung (923); ☐ 863 DIWC/DIWW (405(g)); ☐ 864 SSID Title XVI; ☐ 865 RSI (405(g))

**FEDERAL TAX SUITS**
☐ 870 Taxes (U.S. Plaintiff or Defendant); ☐ 871 IRS—Third Party 26 USC 7609

**OTHER STATUTES**
☐ 400 State Reapportionment; ☐ 410 Antitrust; ☐ 430 Banks and Banking; ☐ 450 Commerce; ☐ 460 Deportation; ☐ 470 Racketeer Influenced and Corrupt Organizations; ☐ 480 Consumer Credit; ☐ 490 Cable/Sat TV; ☐ 810 Selective Service; ☐ 850 Securities/Commodities/ Exchange; ☐ 875 Customer Challenge 12 USC 3410; ☐ 890 Other Statutory Actions; ☐ 891 Agricultural Acts; ☐ 892 Economic Stabilization Act; ☐ 893 Environmental Matters; ☐ 894 Energy Allocation Act; ☐ 895 Freedom of Information Act; ☐ 900Appeal of Fee Determination Under Equal Access to Justice; ☐ 950 Constitutionality of State Statutes

## V. ORIGIN (Place an "X" in One Box Only)

☒ 1 Original Proceeding; ☐ 2 Removed from State Court; ☐ 3 Remanded from Appellate Court; ☐ 4 Reinstated or Reopened; ☐ 5 Transferred from another district (specify); ☐ 6 Multidistrict Litigation; ☐ 7 Appeal to District Judge from Magistrate Judgment

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing (**Do not cite jurisdictional statutes unless diversity**):

Brief description of cause: Admiralty Pier Damage

## VII. REQUESTED IN COMPLAINT:

☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23

DEMAND $ $1,347,453.87

CHECK YES only if demanded in complaint: JURY DEMAND: ☐ Yes ☒ No

## VIII. RELATED CASE(S) IF ANY

(See instructions): JUDGE ______ DOCKET NUMBER ______

DATE 10/20/11 SIGNATURE OF ATTORNEY OF RECORD [signature]

FOR OFFICE USE ONLY

RECEIPT # ______ AMOUNT ______ APPLYING IFP ______ JUDGE ______ MAG. JUDGE ______

JS 44 Reverse (Rev. 12/07)

# INSTRUCTIONS FOR ATTORNEYS COMPLETING CIVIL COVER SHEET FORM JS 44

## Authority For Civil Cover Sheet

The JS 44 civil cover sheet and the information contained herein neither replaces nor supplements the filings and service of pleading or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. Consequently, a civil cover sheet is submitted to the Clerk of Court for each civil complaint filed. The attorney filing a case should complete the form as follows:

**I.** **(a) Plaintiffs-Defendants.** Enter names (last, first, middle initial) of plaintiff and defendant. If the plaintiff or defendant is a government agency, use only the full name or standard abbreviations. If the plaintiff or defendant is an official within a government agency, identify first the agency and then the official, giving both name and title.

(b) County of Residence. For each civil case filed, except U.S. plaintiff cases, enter the name of the county where the first listed plaintiff resides at the time of filing. In U.S. plaintiff cases, enter the name of the county in which the first listed defendant resides at the time of filing. (NOTE: In land condemnation cases, the county of residence of the "defendant" is the location of the tract of land involved.)

(c) Attorneys. Enter the firm name, address, telephone number, and attorney of record. If there are several attorneys, list them on an attachment, noting in this section "(see attachment)".

**II.** **Jurisdiction.** The basis of jurisdiction is set forth under Rule 8(a), F.R.C.P., which requires that jurisdictions be shown in pleadings. Place an "X" in one of the boxes. If there is more than one basis of jurisdiction, precedence is given in the order shown below.

United States plaintiff. (1) Jurisdiction based on 28 U.S.C. 1345 and 1348. Suits by agencies and officers of the United States are included here.

United States defendant. (2) When the plaintiff is suing the United States, its officers or agencies, place an "X" in this box.

Federal question. (3) This refers to suits under 28 U.S.C. 1331, where jurisdiction arises under the Constitution of the United States, an amendment to the Constitution, an act of Congress or a treaty of the United States. In cases where the U.S. is a party, the U.S. plaintiff or defendant code takes precedence, and box 1 or 2 should be marked.

Diversity of citizenship. (4) This refers to suits under 28 U.S.C. 1332, where parties are citizens of different states. When Box 4 is checked, the citizenship of the different parties must be checked. (See Section III below; federal question actions take precedence over diversity cases.)

**III.** **Residence (citizenship) of Principal Parties.** This section of the JS 44 is to be completed if diversity of citizenship was indicated above. Mark this section for each principal party.

**IV.** **Nature of Suit.** Place an "X" in the appropriate box. If the nature of suit cannot be determined, be sure the cause of action, in Section VI below, is sufficient to enable the deputy clerk or the statistical clerks in the Administrative Office to determine the nature of suit. If the cause fits more than one nature of suit, select the most definitive.

**V.** **Origin.** Place an "X" in one of the seven boxes.

Original Proceedings. (1) Cases which originate in the United States district courts.

Removed from State Court. (2) Proceedings initiated in state courts may be removed to the district courts under Title 28 U.S.C., Section 1441. When the petition for removal is granted, check this box.

Remanded from Appellate Court. (3) Check this box for cases remanded to the district court for further action. Use the date of remand as the filing date.

Reinstated or Reopened. (4) Check this box for cases reinstated or reopened in the district court. Use the reopening date as the filing date.

Transferred from Another District. (5) For cases transferred under Title 28 U.S.C. Section 1404(a). Do not use this for within district transfers or multidistrict litigation transfers.

Multidistrict Litigation. (6) Check this box when a multidistrict case is transferred into the district under authority of Title 28 U.S.C. Section 1407. When this box is checked, do not check (5) above.

Appeal to District Judge from Magistrate Judgment. (7) Check this box for an appeal from a magistrate judge's decision.

**VI.** **Cause of Action.** Report the civil statute directly related to the cause of action and give a brief description of the cause. **Do not cite jurisdictional statutes unless diversity.** Example: U.S. Civil Statute: 47 USC 553
Brief Description: Unauthorized reception of cable service

**VII.** **Requested in Complaint.** Class Action. Place an "X" in this box if you are filing a class action under Rule 23, F.R.Cv.P.

Demand. In this space enter the dollar amount (in thousands of dollars) being demanded or indicate other demand such as a preliminary injunction.

Jury Demand. Check the appropriate box to indicate whether or not a jury is being demanded.

**VIII.** **Related Cases.** This section of the JS 44 is used to reference related pending cases if any. If there are related pending cases, insert the docket numbers and the corresponding judge names for such cases.

**Date and Attorney Signature.** Date and sign the civil cover sheet.

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| WESTWAY TERMINAL COMPANY, INC.:<br>2900 East Allegheny Avenue:<br>Philadelphia, Pennsylvania 19134<br><br>Plaintiff,<br><br>v.<br><br>M/T JO KASHI, *in Rem*<br><br>and<br><br>JO TANKERS, AS<br>Kokstadflaten 5<br>5257 Kokstad, Norway<br><br>and<br><br>ZIPPORA PTE. LTD.<br>c/o JO TANKERS AS, *in Personam*<br><br>Defendants. | CIVIL ACTION<br><br>No. |

**VERIFIED COMPLAINT**

Plaintiff, Westway Terminal Company, Inc., by its attorneys, Montgomery, McCracken, Walker & Rhoads, LLP, alleges upon information and belief as follows:

**JURISDICTION AND VENUE**

1. This Court has admiralty and maritime jurisdiction over this matter pursuant to 28 U.S.C. § 1333(1) and the Admiralty Extension Act, 46 U.S.C. § 3101. As described herein, the incident involved a vessel on navigable waters of the United States and affects maritime commerce.

2. Alternatively, subject matter jurisdiction exists by virtue of diversity of citizen ship, 28 U.S.C., § 1332.

3. At all material times herein, Zippora PTE LTD was the owner of the M/T Jo Kashi and has an office in Singapore, and a principal place of business in Kokstad Norway.

4. During the pendency of this action, the M/T Jo Kashi will be within this district and the jurisdiction of this Court.

5. Plaintiff is Delaware Corporation with an office and place of business at 2900 Allegheny Avenue, Philadelphia, Pennsylvania. Its principal place of business is in New Orleans, Louisiana.

6. Defendant Jo Tankers AS is a foreign corporation organized and existing under the laws of the Kingdom of Norway, with an office and principal place of business in Kokstad, Norway.

7. The amount in controversy exceeds $75,000.00.

8. Defendants, Jo Tankers AS and Zippora PTE LTD are doing business within the district.

9. The events set forth in this complaint took place within this district and defendant is present within the district. See 28 U.S.C § 1391(b). Moreover, the *in Personam* defendants are alien businesses and as such subject to suit in "any district." 28 U.S.C. § 1391(d).

10. The matters set forth herein gives rise to an admiralty and maritime claim within the meaning of Rule 9(h) of the Federal Rules of Civil Procedure.

11. Westway brings this action in its own behalf and as representative of all those whose interests may appear.

**FACTS**

12. At all material times herein, pursuant to its business of owning and operating bulk storage and distribution terminals, Westway Terminal Company, Inc. ("Westway") was the tenant in possession and operating Pier H, Port Richmond in the Port of Philadelphia.

13. Pursuant to its written lease, Westway, as tenant, was to perform all maintenance and repairs necessary to keep the pier in good order and repair. At all material times prior to the events of April 9, 2008, described herein, the pier was in good order and repair as required under the lease.

14. On April 9, 2008, between 5:00 and 6:00 p.m. local time, the M/T Jo Kashi was attempting to dock at Pier H using her own propulsion and with the assistance of tugs under the control of defendants or their agents. During the docking maneuver, she collided with the pier, causing extensive damage.

15. Said collision was the result of negligence on the part of the Jo Kashi, her owners, operators and those for whom they are responsible.

16. Inasmuch as the M/T Jo Kashi collided with a fixed object, the Jo Kashi is presumed negligent as a matter of law.

17. In addition to the foregoing presumption, the Jo Kashi, her owners, managers, and those for whom they are responsible were negligent in the following respects:

a. The two assisting tugs were not properly positioned;

b. The vessel's approach to the berth was improper;

c. The vessel approached the berth at too great a rate of speed;

d. The navigators lost control of the vessel whose stern swung at a great rate of speed and struck the dock at least twice;

   e. In other respects which will be shown at the trial of this matter.

18. As a result of defendants' negligence, Westway incurred losses and damages in the amount of $1,347,453.87, as nearly as can be estimated at present, representing the cost of repairs to the damaged facility required to restore the pier to its former good operating condition, no part of which has been paid, although duly demanded.

WHEREFORE, Plaintiff Westway respectfully requests that

(1) judgment be entered in its favor against the Defendant Jo Tankers *in Personam* and the M/T Jo Kashi, *in Rem* in the amount of $1,347,453.87, together with interest, costs and such other and further relief as the Court may find appropriate under the circumstances;

(2) process in due form of law according to the practice of this Court in matters of admiralty and maritime claims may issue against the M/T Jo Kashi, her equipment and furnishings and that all persons claiming any interest therein may be required to appear an answer in oath all in singular the matters aforesaid; and

(3) the M/T Jo Kashi may be condemned and sold to satisfy the judgment in favor of plaintiff herein.

MONTGOMERY, McCRACKEN,
WALKER & RHOADS, LLP

By:____________________
Alfred J. Kuffler (12868)
R. Monica Hennessy (77928)
123 South Broad Street
Philadelphia, PA 19109
(215) 772-1500
Attorneys for Plaintiff,
Westway Terminal Company, Inc.

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| WESTWAY TERMINAL COMPANY, INC.:<br>2900 East Allegheny Avenue:<br>Philadelphia, Pennsylvania 19134<br><br>Plaintiff,<br><br>v.<br><br>M/T JO KASHI, *in Rem*<br><br>and<br><br>JO TANKERS, AS<br>Kokstadflaten 5<br>5257 Kokstad Norway<br><br>and<br><br>ZIPPORA PTE. LTD.<br>c/o JO TANKERS AS, *in Personam*<br><br>Defendants. | CIVIL ACTION<br><br>No. |

**VERIFICATION**

Alfred J. Kuffler, being duly sworn, deposes and says:

1. I am a Partner of the firm Montgomery, McCracken, Walker & Rhoads, LLP, counsel to the Plaintiff herein.

2. I have read the foregoing Complaint, and based on information and belief, the contents are true and correct to the best of my knowledge.

[signature]
Alfred J. Kuffler

Sworn to before me this 19 day of October 2011

[signature]
Notary Public

COMMONWEALTH OF PENNSYLVANIA
NOTARIAL SEAL
KELLY A. KAMINSKI, Notary Public
Tredyffrin Twp., Chester County
My Commission Expires November 18, 2013

2823618v1

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF PENNSYLVANIA**

WESTWAY TERMINAL COMPANY, INC.
2900 East Allegheny Avenue
Philadelphia, Pennsylvania 19134

Plaintiff,

v.

M/T JO KASHI, *in Rem*

and

JO TANKERS, AS
Kokstadflaten 5
5257 Kokstad Norway

and

ZIPPORA PTE. LTD.
c/o JO TANKERS AS, *in Personam,*

Defendants.

Civil Action

No: _______

**DISCLOSURE STATEMENT FORM**

Please check one box:

☒ The nongovernmental corporate party, Westway Group, Inc., in the above listed civil action does not have any parent corporation and publicly held corporation that owns 10% or more of its stock.

☐ The nongovernmental corporate party, ______________, in the above listed civil action has the following parent corporation(s) and publicly held corporation(s) that owns 10% or more of its stock:

______________________________

______________________________

______________________________

10/20/11
Date

[signature]
Signature

Counsel for: Plaintiff Westway Terminal